IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Seneca Roberts, ) | Case No. 9:21-01249-JD-MHC |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| M. Travis Bragg, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Molly H. Cherry made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Seneca Roberts ("Petitioner" or "Roberts"), a federal prisoner brought this Petition for a Writ of Habeas Corpus without the aid of counsel under 28 U.S.C. § 2241. (DE 1.) On December 19, 2020, Petitioner filed this action in the United States District Court for the Southern District of Georgia, requesting that prior custody credit be awarded to his sentence.[2]

The Report recommends summary dismissal without requiring the captioned Respondent to file a return because the Petition in this case appears to be identical to the petition filed in Case No. 9:20-cv-02162-JD-MHC ("Roberts I,") with the exception that Petitioner attached a page of the respondent's motion for summary judgment and a page of the Roseboro Order from Roberts I to the Petition in this case. (Compare DE 1 with DE 1 in Roberts I.) Roberts filed an Objection

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] On April 27, 2021, the Southern District of Georgia ordered that the present Petition be transferred to the United States District Court for the District of South Carolina. (See DE 5, 6.)

1

to the Report and Recommendation, which claims that <u>Roberts I</u> is not identical to this action because the former "seeks relief under 2241 petition for pre-sentence custody." (DE 13, p. 2.) For the following reasons, the Court adopts the Report and Recommendation.

Although Roberts filed an Objection to the Report and Recommendation, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. <u>See</u> <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (2005) (citing <u>Thomas v. Arn</u>, 474 U.S. 140 (1985) (emphasis added)). In the absence of <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. <u>See</u> <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that many of the Petitioner's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments. However, the Court has identified the following specific objection, which will be addressed herein. Roberts objects to the Report stating that the <u>Roberts I</u> petition is identical to the petition in this action, with the exception that Petitioner attached a page of the respondent's motion for summary judgment and a page of the <u>Roseboro</u> Order from <u>Roberts I</u> to the Petition in this case. (DE 11, p. 2.) A review of the petitions in both <u>Roberts I</u> and this action reveal them to be identical in substance. Therefore, not only does the analysis presented in the Court's order in <u>Roberts I</u> apply with equal weight to this case such that this Petition is dismissed for the reasons articulated in <u>Roberts I</u>, but the Petition in this case is

equally dismissed as duplicative and, therefore, frivolous. Accordingly, Roberts's objection is overruled, and Petitioner's § 2241 challenge to his sentence is, therefore, dismissed.

It is, therefore, **ORDERED** that Roberts's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is denied. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

                                                Joseph Dawson, III
                                                United States District Judge

Greenville, South Carolina
March 14, 2022

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.